## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONIE L. BURNS and VINCENT D. | : | CIVIL ACTION |
| SILVAGGI, JR., Parents and Natural | : | |
| Guardians of NICHOLAS D. BURNS and | : | |
| RHONIE L. BURNS, in her own right | : | NO. 05-2 ERIE |
| | : | |
| v. | : | HON. SEAN J. McLAUGHLIN |
| DAIMLERCHRYSLER CORPORATION, | : | |
| CHRYSLER CORPORATION, COSCO, | : | |
| INC. and DOREL JUVENILE GROUP, INC. | : | JURY TRIAL DEMANDED |

### DEFENDANT, DAIMLERCHRYSLER CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO JOIN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 14(A)

**I.    FACTS**

This case arises out of a multi-vehicle accident occurring on May 24, 2002 when James Dorich, while fleeing the scene of another accident that he had caused, violently slammed into the back of plaintiffs' vehicle at speeds estimated by police ranging from 69 mph to 100 mph. During the course of Dorich's hit and run accidents, there were at least seven other vehicles involved and numerous injuries sustained. As a result of the collision with her vehicle, plaintiff Rhonie Burns sustained a concussion and laceration of the spleen, and minor plaintiff Nikolas Burns sustained multiple serious injuries rendering him a quadriplegic. Dorich was criminally charged and convicted on five counts of reckless endangerment following the accident. Unquestionably, Dorich's actions were a significant factor in bringing about plaintiffs' harm.

Plaintiffs contend that DaimlerChrysler Corporation is liable because the Burns were traveling in a 1997 Concorde which was not "crashworthy". They contend that their two year old son, Nikolas, was strapped into a child seat but the vehicle seat belt released during the accident, throwing Nikolas forward. The within action is based on negligence and strict liability

as it pertains to the crashworthiness doctrine. Plaintiff alleges in her complaint that the injuries

sustained were a "direct and proximate result of the defendants (DaimlerChrysler Corporation

and Dorel Juvenile Group) negligence, strict liability and breach of warranty". A true and

correct copy of plaintiffs' complaint has been attached hereto as Exhibit "A".

During the course of discovery in the instant action, DaimlerChrysler Corporation found

that a release was executed between the Burns plaintiffs and Dorich[1], ultimately relieving Dorich

of any further liability for plaintiffs' injuries. A true and correct copy of the release executed in

the first civil action has been attached hereto as Exhibit "B". DaimlerChrysler Corporation seeks

to join Dorich as a third party defendant in the instant action because his acts were a substantial

factor in bringing about plaintiffs' harm and the release which plaintiffs executed reduces

plaintiffs' claims against DaimlerChrysler Corporation if Dorich is found jointly liable for any

injuries allegedly caused by DaimlerChrysler Corporation. The release allows Burns the right to

make claims against others, specifically but not limited to DaimlerChrysler Corporation

(presumably misidentified as Chrysler Motor Corporation). The release states in pertinent part

the following:

> I, Rhonie Burns, individually and as Guardian of Nikolas D. Burns, a
> minor child, specifically acknowledges and agrees that in the event that others
> are adjudged liable for damages as a result of the accident, the execution of this
> release shall operate to discharge any liability of Payors and shall also operate to
> satisfy the liability of all other person or entities adjudged jointly liable for
> damages in any action for damages arising from the accident on May 24, 2002,
> to the extent of the consideration paid for this release or to the extent of the pro
> rata share of the joint or several liability of Payors whichever sum is greater.

By way of plaintiffs' release executed in the first civil action, plaintiffs acknowledge that

Dorich is jointly liable for injuries sustained by Nikolas Burns and reserved the right to make a

---

[1] Prior to this case, plaintiff originally instituted an action against Dorich in the Court of Common Pleas of Erie
County (Civil Action 11559-2003).

claim against DaimlerChrysler Corporation. As such, DaimlerChrysler Corporation should be allowed to join Dorich in the instant action and receive the benefit of said release.

II.    **ARGUMENT**

The crashworthiness doctrine requires an auto manufacturer "to take reasonable steps-within the limitations of cost, technology, and marketability- to design and produce a vehicle that will minimize the unavoidable danger." Huddell v. General Motors Corporation et. al., 537 F.2d 726, 735 (3d Cir. 1976). In a crashworthiness case, because the automobile manufacturer is not alleged to have been the cause of the initial accident, it is held liable only for the enhanced injuries to which the defect contributed. Kupetz v. Deere & Co., 644 A.2d 1213, 1218 (Pa. Super. 1994). To establish a manufacturer's liability for design defect, a plaintiff must prove: (1) an alternative, safer design, practicable under the circumstances; (2) what injuries, if any, would have resulted had the alternative, safer design been used; and (3) the extent of enhanced injuries attributable to the defective design. Id, 644 A.2d at 1218; Huddell, 537 F.2d at 737-38. The Third Circuit recognizes that in crashworthiness cases, "automobile manufacturers [are] liable only for the enhanced injures attributable to the defective product." Huddell, 537 F.2d 726 at 738. This, however, does not relieve the original tortfeasor, in this case, Dorich, of liability for those enhanced injuries. See, Id.; See also, Moore v. Chrysler Corp., 596 So.2d 225, 238 (La. App. 1992).

The facts of this case clearly show that Dorich engaged in reckless conduct which ultimately led to plaintiffs' injuries. It was because Dorich slammed into the back of plaintiffs' vehicle at an extremely high rate of speed that minor plaintiff, Nikolas Burns, suffered the injuries that he sustained. Should DaimlerChrysler Corporation be found liable under the

crashworthiness doctrine for Nikolas Burns' enhanced injuries, Dorich also would be held liable for his portion of liability with respect to enhanced injuries. However, plaintiffs chose to settle the claims against Dorich and memorialize that settlement in a release. As such, Dorich's joinder is necessary to assess his responsibility for enhanced injury damages, if in fact DaimlerChrysler Corporation is found liable under the crashworthiness doctrine, and permit the operation of the release of Dorich as it relates to the claims in this case.

Federal Rule of Civil Procedure 14(a) provides that a defendant may implead a person "not a party to the action who is or may be liable to him for all or part of plaintiffs claim against him." This rule requires that the defendant implead a person against whom he can assert a right of contribution or indemnification.

Joinder of the negligent driver as a third party defendant is supported by Pennsylvania law. In Svetz v. Land Tool Company, 513 A.2d 403, 355 Pa. Super. 230 (1986) the court permitted the joinder of the negligent original tortfeasors in a negligence and strict liability action. In Svetz, plaintiff's decedent was killed in a motorcycle accident in Pennsylvania. Suit was brought against the manufacturer and seller of his crash helmet because the helmet split open on impact, making his injuries worse. The manufacturer joined as additional defendants the tavern keeper who allegedly served the decedent alcoholic beverages, as well as a fellow motorcyclist who had allegedly been racing with the decedent plaintiff. The Superior Court held the joinder to be proper and said contribution would apply to all the defendants.[2] The Svetz

---

[2] The Svetz court incorporated into their analysis the doctrine of equitable contribution among tortfeasors which is the basis of the Uniform Contribution Among Joint Tortfeasors Act. The Act provides that a joint tortfeasor who has discharged more than his pro rata share of a common liability may seek contribution from any other tortfeasor who contributed to the loss. See, 42 Pa.C.S. § 824(b), The doctrine of contribution is based on equity. Therefore, the act must be examine with equity in mind. Svetz. 513 A.2d at 407. The Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury." 42 Pa. C.S. § 8322. Pennsylvania, as well as many other states, has adopted the Uniform Contribution Among Joint Tortfeasors Act and said act should be considered in determining joinder of Dorich.

court determined that a defendant who has been sued on theories of negligence and strict liability for damages allegedly caused by a defective product may join as additional defendants those persons whose acts of negligence are alleged by him to be the sole or contributing causes of the plaintiffs injuries. Id., 513 A.2d at 404. Additionally, in Craigie v. General Motors, 740 F. Supp. 353 (E.D. Pa. 1990) the district court predicted Pennsylvania law and concluded that a crashworthiness defendant and a negligent driver could be joint tortfeasors in causing a single harm. The Craigie court adhered to the ruling in Svetz and emphasized that "although the court did not use terms such as crashworthiness in Svetz, the facts, without question, amounted to a crashworthiness claim." Craigie, 740 F. Supp at 360.

DaimlerChrysler Corporation is aware of cases that contradict the position which allows automobile manufacturers to join negligent drivers in crashworthiness cases. For example, in Carrasquilla v. Mazda North America, Inc. 963 F. Supp. 455 (M.D.Pa. 1997) the court made the determination that auto manufacturers in crashworthiness cases could not join negligent drivers for indemnification or contribution for enhanced injuries. However, the court also found the inverse to be true with respect to negligent drivers joining auto manufacturers. In sum, the court found that an auto manufacturer may not join a negligent driver, but, a negligent driver may join an auto manufacturer for indemnification or contribution. Even with its outcome, Carrasquilla recognized that the tortfeasor driver and the crashworthiness defendant were jointly liable for the enhanced injuries alleged. Mills v. Ford Motor Company, 142 F.R.D 271 (M.D.PA. 1990) is another example where the court negates the contention that auto manufacturers may join negligent drivers in crashworthiness cases. In Mills, the court reasoned that since plaintiffs were seeking damages only for the enhancement of injuries and for death, the driver and owner of the

vehicle are not joint tortfeasors with the manufacturer and therefore may not be joined. Mills, 142 F.R.D. at 272-73.

DaimlerChrysler Corporation submits that these decisions are decided incorrectly and they do not apply to the instant action. By permitting crashworthiness claims to proceed, the courts necessarily require analysis of what would have occurred in a hypothetical accident - one in which the vehicle possesses the alternate design advanced by plaintiffs. The automobile manufacturer is not responsible for injuries which it did not cause, i.e., those which would have occurred in the accident even with plaintiffs' hypothetical non-defective vehicle. Thus, it is responsible only for injuries enhanced by its allegedly defective design. The tortfeasor who causes the accident is liable for all damages, including the enhanced damages. Huddell, 537 F.2d at 738. Carrasquilla and Mills focus on the fact that the tortfeasor and the manufacturer are not responsible for the same injuries. While that is true, that approach views the issue from the wrong direction. Both the tortfeasor and the manufacturer are responsible for enhanced injuries. Carrasqulla recognizes this. In this situation, Dorich could not have defended himself against plaintiffs' claims for the totality of Nikolas Burns' injuries by claiming he is not responsible for enhanced injuries. According to the Huddell court, such a position "boggles the mind". Id. at 739. Not recognizing the joint liability for those enhanced injuries in essence supports that untenable position. Thus, they are jointly responsible. Additionally, neither Carrasquilla nor Mills concern a situation where the joining party is seeking the benefit of the release of one party for the alleged enhanced injuries

The Supreme Court of Pennsylvania is currently considering the issue at hand in Harsh v. Petroll et. al., 862 A.2d 581 (Pa. 2004). In Harsh, General Motors, contended that the negligent driver, Frederick Petroll, was a joint tortfeasor and should be held liable for his share of liability

for enhanced injuries.[3]  The Commonwealth Court instructed that if the jury found General

Motors liable, then it "had to decide as between General Motors and Petroll what percentage of

responsibility for the deaths of the Harsh family it wished to assign to each defendant."  Harsh v.

Petroll, 840 A.2d 404 (Pa. Commw. Ct., 2003)  The jury assigned General Motors 60% and

Petroll 40%.  The case has been appealed by Petroll who contends that he bears no responsibility

at all for the deaths he was criminally convicted of causing.  The Pennsylvania Supreme Court

has yet to render a ruling on the matter.

## III.    CONCLUSION

        Dorich cannot defend himself against the plaintiffs' claims by saying that he is

not responsible for enhanced injuries because some other party is responsible.  He remains

responsible for his share of enhanced injuries.  By way of the release executed in plaintiffs'

original civil action, plaintiffs' have settled their claims against Dorich which include all injuries

that for which he is liable, unenhanced and his share of enhanced injuries.  Accordingly,

DaimlerChrysler Corporation is entitled to prove Dorich's share of liability for enhanced injuries

and receive the benefit of the said release.  Dorich's joinder does not prejudice him given that the

release discharges him from any further liability to plaintiffs' and seeks to eliminate any other

tortfeasor's rights against him as well.  Therefore, Dorich should be joined as a third party

defendant so that the jury may assess his percentage of liability.

---

[3] Frederick Petroll fell asleep and crashed his fifteen-ton rig at 38 mph into the rear of the Harsh family's Chevrolet
Lumina, nearly stopped in traffic.  The violent impact crushed the Lumina against the Chevrolet Suburban stopped
ahead of it, compressed it to roughly half its original length and folded its fuel tank in half.  The ensuing fuel-fed fire
killed the Lumina's three passengers.  A subsequent criminal action was brought against Mr. Petroll, whereby he was
convicted on three counts of homicide by vehicle in the Court of Common Pleas Lancaster County.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


KEITH D. HEINOLD
Attorney I.D. No.: 30244
Attorney for Defendant.
DaimlerChrysler Corporation

1845 Walnut Street
Philadelphia, PA 19106
(215) 575-2600

Exhibit A

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

RHONIE L. BURNS and VINCENT D.                    )        CIVIL DIVISION
SILVAGGI, JR., Parents and                        )
Natural Guardians of                              )
NICHOLAS D. BURNS, and                            )        NO:  11832-2004
RHONIE L. BURNS, in her own right,                )
                                                  )
            Plaintiffs,                           )        Issue No:
                                                  )
      vs.                                         )
                                                  )
DAIMLERCHRYSLER CORPORATION,                      )        **COMPLAINT IN CIVIL**
CHRYSLER CORPORATION,                             )        **ACTION**
COSCO, INC. and                                   )
DOREL JUVENILE GROUP, INC.                        )
                                                  )
            Defendants.                           )
                                                  )
                                                  )        RHONIE L. BURNS and
                                                  )        VINCENT D. SILVAGGI, JR.,
                                                  )        Parents and Natural Guardians
                                                  )        of NICHOLAS D. BURNS, and
                                                  )        RHONIE L. BURNS, in her
                                                  )        own right
                                                  )
                                                  )        Counsel of Record for this Party:
                                                  )        Regis M. McClelland, Esquire
                                                  )        PA ID #38897
                                                  )
                                                  )        Harrington, Schweers, Dattilo
                                                  )            & McClelland
                                                  )        Firm ID # 949
                                                  )        100 Ross Street
**JURY TRIAL DEMANDED.**                          )        Pittsburgh, PA 15219
                                                  )        (412) 391-3477

## NOTICE TO DEFEND

YOU have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE

ERIE COUNTY BAR ASSOCIATION

302 W. 9th STREET

ERIE, PA 16502

TELEPHONE: (814) 459-4411

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC. and DOREL JUVENILE GROUP, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL DIVISION<br><br>NO: 11832-2004<br><br>Issue No: |

**COMPLAINT IN CIVIL ACTION**

AND NOW come the Plaintiffs, RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, and brings this Complaint In Civil Action against the Defendants named herein whereof the following is a statement:

1.      Plaintiff, RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., (hereinafter referred to as "Plaintiff Parents") are the Parents and Natural Guardians of the minor, NICHOLAS D. BURNS (hereinafter referred to as "Minor Plaintiff"). At all times material to this Complaint, the Minor Plaintiff maintained a principal place of residence with the Plaintiff Mother at 3117 Hemlock Drive, Erie, Erie County, Pennsylvania 16506.

2.      Defendant, DAIMLER CHRYSLER CORPORATION, a CHRYSLER CORPORATION (hereinafter referred to as "Chrysler") is a corporation which manufactures,

1

produces and supplies automobiles in exchange for monetary compensation. At all times material to the Complaint, the Defendant Chrysler maintained a corporate office address at 30600 Telegraph Road, Bingham Farms, Michigan 48025.

3.      Defendant, COSCO, INC. (hereinafter referred to as "Cosco") is a corporation which manufactures, produces, and supplies consumer products, including children's car seats, in exchange for monetary compensation. At all times material to the Complaint, the Defendant Cosco maintained a corporate office address at 2525 State Street, Columbus, Indiana, 47201.

4.      Defendant, DOREL JUVENILE GROUP (hereinafter referred to as "Dorel") is a corporation which manufactures, produces, and supplies consumer products, including children's car seats, in exchange for monetary compensation. At all times material to the Complaint, the Defendant Dorel maintained a corporate office address at 2525 State Street, Columbus, Indiana, 47201.

5.      Defendant Dorel assumed the business and merged with Defendant Cosco, Inc., on or about July 18, 2001.

6.      The Defendant Chrysler manufactured, produced and placed into the stream of commerce a 1997 Chrysler Concord Sedan which included a seat belt system. The plaintiffs obtained and operated the Defendant Chrysler's product substantially in the same condition as when it was manufactured and sold by the Defendant Chrysler particularly as it relates to the seat belt system.

7.      The Defendants Cosco and Dorel manufactured, produced and placed into the stream of commerce a Cosco child's car seat. The plaintiffs obtained and utilized the Defendants Cosco and Dorel's child car seat in substantially the same condition as when it was manufactured and sold by the Defendants.

8.     On or about May 24, 2002, the Minor Plaintiff was a passenger in the rear seat of a 1997 Chrysler Concord Sedan being operated by the Plaintiff Mother.  The Minor Plaintiff had been placed in the Cosco/Dorel child car seat and the seat belt system provided by the Defendant Chrysler was properly buckled so as to secure the said Cosco/Dorel car seat.

9.     Thereafter, on or about May 24, 2002, the Plaintiff Mother was operating her 1997 Chrysler Concord Sedan, in Erie, Pennsylvania.  While the Plaintiff Mother's vehicle was stopped at a traffic light, her vehicle was struck from behind  by another vehicle traveling in the same direction.  The impact catapulted the Minor Plaintiff's  car seat to the front of the car causing a severe neck injury resulting in quadriplegia.  The seat belt system provided by the Defendant Chrysler and the children's car seat supplied by the Defendant Cosco/Dorel  failed to secure the Minor Plaintiff at the time of the collision.

10.     The Minor Plaintiff's injuries were the direct and proximate result of the Defendants' negligence, strict liability and breach of warranty, jointly, severally, and individually as set forth in the following paragraphs.


**COUNT I**
**RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural**
**Guardians of NICHOLAS D. BURNS, and RHONIE L.**
**BURNS, in her own right   vs.   DAIMLER CHRYSLER**
**CORPORATION, a CHRYSLER CORPORATION**
**as to Strict Liability**

11.     Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

3

12.    This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a). The Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant Daimler Chrysler. The Defendant's product was designed, manufactured and provided to the plaintiffs in a defective and unreasonably dangerous condition as described in the following lettered paragraphs:

a.    In providing a seat belt system which would permit the child's car seat to become unsecured;

b.    In failing to provide a safety device to prevent the seat belt from becoming unsecured;

c.    In designing a seat belt system which fails to secure a child's car seat after it was properly buckled;

d.    In providing a seat belt system which was unsafe for its intend use ;

e.    In failing to provide a seat belt system which had every element necessary to make it safe for its intended use and lacked none which would make it unsafe;

f.    In designing a defective seat belt which would allow a car seat to unbuckle;

g.    In designing a seat belt system which was defective and unreasonably dangerous;

h.    In defectively designing and manufacturing a seat belt system which failed to properly secure a child's car seat;

i.    In failing to design an adequate alternative seat belt design which would have alleviated the dangerous condition; and

j.    In failing to provide adequate warnings of the dangerous and defective condition of the seat belt system.

4

**COUNT II**

**RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural
Guardians of NICHOLAS D. BURNS, and RHONIE L.
BURNS, in her own right   vs.   DAIMLERCHRYSLER
CORPORATION, a CHRYSLER CORPORATION**
**as to Negligence**

13.    Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

14.    Plaintiffs allege that the Defendant Chrysler was  negligent generally and as more specifically set forth in the following lettered paragraphs:

a.    In negligently providing a seat belt system which would allow  a car seat to unbuckle so as to allow the car seat to be unsecured;

b.    In negligently designing a seat belt system which fails to secure a minor child's car seat  after it was properly buckled;

c.    In negligently providing a seat belt system which was  unsafe for its intend use for car seats and small children;

d.    In negligently providing a seat belt system which does not has every element necessary to make it safe for its intended use and lacked none which would make it unsafe;

e.    In negligently designing a seat belt system which was defective and unreasonably dangerous;

f.    In negligently designing and manufacturing a seat belt system which failed to properly secure a child's  car seat;

g.    In negligently failing to provide an adequate alternative seat belt design which would have alleviated the dangerous condition; and

h.    In negligently failing to provide adequate warnings of the dangerous and defective condition of the seat belt system.

5

## COUNT III
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.   COSCO, INC.
#### as to Strict Liability

15.    Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

16.    This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a).  The Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant Cosco, Inc..  The Defendant's product was designed, manufactured and provided to the plaintiffs in a defective and unreasonably dangerous condition as described  in the following lettered paragraphs:

    a.    In defectively designing a car seat without a proper seat belt system so as to secure the safety of its occupant;

    b.    In providing a car seat with a defectively designed restraint system; and

    c.    In failing to provide a children's car seat which has every element necessary to make it safe for its intended use and lacked none which would make it unsafe.


## COUNT IV
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.  COSCO, INC.
#### as to Negligence

17.    Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

18.    The Minor Plaintiff's injuries were the direct and proximate result of the negligence of the Defendant Cosco, acting through its agents, servants and/or employees and/or those

6

individuals they held out to be agents, servants and/or employees either through their actions or

inactions, generally and as more specifically set forth in the following lettered paragraphs:

a.    In failing to design the child restraint to withstand reasonable stress and strain in a
      collision so as to prevent it from being ejected;

b.    In failing to construct the child restraint of a material sufficient to withstand
      reasonable stress and strain in a collision so as to prevent it from being ejected; and

c.    In failing to inspect and test the child restraint to determine is susceptibility to
      failure during a reasonable stress and strain in a collision so as to prevent it from
      being ejected.

d.    In otherwise failing to exercise reasonable care under the circumstances.


**COUNT V**
**RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural**
**Guardians of NICHOLAS D. BURNS, and RHONIE L.**
**BURNS, in her own right   vs.  DOREL JUVENILE GROUP, INC.**
**as to Strict Liability**


18.    Plaintiffs incorporate by reference herein all of the allegations set forth in the

averments of this Complaint as though the same were set forth at length herein.

19.    This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a).  The

Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant

Dorel, Inc..  The Defendant's product was designed, manufactured and provided to the plaintiffs

in a defective and unreasonably dangerous condition as described  in the following lettered

paragraphs:
:

7

a.  In defectively designing a car seat without a proper seat belt system so as to secure the safety of its occupant;

b.  In providing a car seat with a defectively designed restraint system; and

c.  In failing to provide a children's car seat which has every element necessary to make it safe for its intended use and lacked none which would make it unsafe.


## COUNT VI
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.  DOREL JUVENILE GROUP, INC.
#### as to Negligence

20.   Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

21.   The Minor Plaintiff's injuries were the direct and proximate result of the negligence of the Defendant Dorel, acting through its agents, servants and/or employees and/or those individuals they held out to be agents, servants and/or employees either through their actions or inactions, generally and as more specifically set forth in the following lettered paragraphs:

a.  In failing to design the child restraint to withstand reasonable stress and strain in a collision so as to prevent it from being ejected;

b.  In failing to construct the child restraint of a material sufficient to withstand reasonable stress and strain in a collision so as to prevent it from being ejected; and

c.  In failing to inspect and test the child restraint to determine is susceptibility to failure during a reasonable stress and strain in a collision so as to prevent it from being ejected;

d.  In otherwise failing to exercise reasonable care under the circumstances.

8

22.    Directly and proximately as a result of the strict liability and negligence of the Defendants, jointly, severally and individually, the Minor Plaintiff suffered the following permanent severe and serious injuries:

    a.    Quadriplegia and paralysis;

    b.    Disfigurement

    c.    Other severe and serious injuries

23.    Directly and proximately as a result of the negligence of the Defendants, jointly, severally and individually, the Minor Plaintiff suffered the following damages:

    a.    Pain, suffering, mental anguish, inconvenience, embarrassment, humiliation;

    b.    Loss of life's pleasures;

    c.    Minor Plaintiff has incurred medical bills in the past and will continue to incur medical bills in the future in an effort to restore him to health;

    d.    Impairment of earning capacity and loss of future wages; and

    e.    Permanent disability.


## COUNT XI
## RHONIE L. BURNS, in her own right

24.    Plaintiff, RHONIE L. BURNS, repeats and alleges each and every allegation contained in the Paragraphs above with the same force and effect as though more fully set forth herein.

25.    Plaintiff, RHONIE L. BURNS, is the natural parent of Minor Plaintiff, NICHOLAS BURNS.

9

26.    As a direct and proximate result of the negligence and malpractice of the Defendants, Plaintiff have been required to expend large sums of money for doctors, nurses, hospitals, therapy and medicines that have been and will be required to expend similar sums in the future.

WHEREFORE, the Plaintiffs on behalf of their minor son, claim of the Defendants an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

**JURY TRIAL DEMANDED.**

Respectfully submitted,
HARRINGTON, SCHWEERS, DATTILO
& McCLELLAND

By: _____
REGIS M. McCLELLAND, ESQUIRE
Attorney for the Plaintiffs

10

## IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

RHONIE L. BURNS and VINCENT D.
SILVAGGI, JR., Parents and Natural
Guardians of NICHOLAS D. BURNS, and
RHONIE L. BURNS, in her own right,

                 Plaintiff,

          vs.

DAIMLER CHRYSLER CORPORATION,
COSCO, INC. And DOREL JUVENILE
GROUP, INC.

             Defendants.

) CIVIL DIVISION
)
) No.: 11832-2004
)
)
)
)
)
)
)
)
)
)
)
)

### VERIFICATION

    I, REGIS M. McCLELLAND, Attorney for the Plaintiff in the within captioned matter, do hereby verify that the statements made in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. I understand that false statements which are made herein are made subject to penalties of 18 Pa.C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

                        REGIS M. McCLELLAND
                        Attorney for the Plaintiff

Date: 12/9/04

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **COMPLAINT IN**

**CIVIL ACTION** has been served upon all parties either individually or through counsel by:

| | |
|---|---|
| _____ | Hand Delivery |
| ___X___ | First Class Mail, Postage Prepaid |
| ___X___ | Certified Mail |

at the following addresses:

Keith D. Heinold, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797

Cosco, Inc.
2525 State Street
Columbus, IN 47201

Dorel Juvenile Group
2525 State Street
Columbus, IN 47201

HARRINGTON, SCHWEERS, DATTILO
& McCLELLAND

Dated: _11/9/04_          By: _____
                              Regis M. McClelland, Esquire
                              Attorney for the Plaintiffs

Exhibit B

## JOINT TORTFEASOR RELEASE

KNOW ALL MEN BY THESE PRESENTS, that Rhonie L. Burns, individually, and as Guardian Nikolas D. Burns, a minor child, in consideration of the sum of Twenty-five Thousand and no/100 ($25,000.00) paid to Rhonie L. Burns, in trust for the benefit of the minor, Nikolas D. Burns, a minor child, and $11,250.00 paid to Rhonie L. Burns, individually, the receipt of which is hereby acknowledged for myself, heirs, executors, administrators, successors and assigns, do release, acquit and forever discharge James Dorich, single, and Donegal Insurance Company, his/her heirs, representatives, successors and assigns (all of whom are hereinafter referred to collectively as "Payors") from any and all actions, causes of action, claims, damages, demands and costs resulting from or in any way growing out of the accident which occurred on May 24, 2002 at the intersection of West 26th Street and Emerson Avenue in front of TOPS Supermarket.

I, Rhonie L. Burns, individually, and as Guardian of Nikolas D. Burns, a minor child, specifically reserves the right to make claim against others, specifically but not limited to Chrysler Motor Corporation, and not Payors herunder, who are or may be liable for damages resulting from the accident hereinbefore described.

I, Rhonie L. Burns, individually, and as Guardian of Nikolas D. Burns, a minor child, specifically acknowledges and agrees that in the event that others are adjudged liable for damages as a result of the accident, the execution of this release shall operate to discharge any liability of Payors and shall also operate to satisfy the liability of all other person or entities adjudged jointly liable for damages in any action for damages arising from the accident on May 24, 2002 to the extent of the consideration paid for this release or to the extent of the pro rata share of the joint or several liability of Payors whichever sum is greater.

Should it appear or be adjudicated in any case, action or proceeding, that Payors hereunder and such others are jointly liable for damages which are claimed in any other proceeding, in order to save Payors hereunder harmless, I, Rhonie L. Burns, individually, and as Guardian of Nikolas D. Burns, a minor child, as further consideration for payment referred to herein, will satisfy any decree, judgment or award in which there is a finding or adjudication involving Payors on behalf of Payors and to the extent of Payors liability to me or for contribution, if it shall be held that there is any liability for contribution; also, I will indemnify and forever save harmless Payors, their successors and assigns, against loss or damage because of any and all further claims, demands or actions made by others on account of or in any manner resulting from the accident of May 24, 2003, involving Rhonie L. Burns, and Nikolas D. Burns, her son, a minor child.

I further warrant that the undersigned has not made any other settlement with or given a release to any other person or organization for damages arising out of the accident.

This release contains the entire agreement between the parties and the terms of this release are contractual and not a mere recital.

I further state that I have carefully read the foregoing release, that it has been fully and adequately explained to me by my attorneys, that I know the contents and consequences thereof, and that I execute the same as my own free act.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND
FULLY UNDERSTANDS IT

Signed, sealed and delivered this 30th day of April, 2003.

**CAUTION: READ BEFORE SIGNING BELOW**

_____
Witness

_____
Witness

_____
Rhonie L. Burns, Individually, and

_____
Rhonie L. Burns, as Guardian of
Nikolas D. Burns, a minor child


COMMONWEALTH OF PENNSYLVANIA          )
                                      ) ss:
COUNTY OF ERIE                        )

On this, the 30th day of April 2003, before me, a Notary Public in and for said County, the undersigned officer, personally appeared I, Rhonie L. Burns, individually, and as Guardian of Nikolas D. Burns, a minor child, known to me (or satisfactorily proven) to be the person whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

NOTARIAL SEAL
RICHARD A. VENDETTI, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNSYLVANIA
MY COMMISSION EXPIRES DEC. 3, 2005

## **CERTIFICATE OF SERVICE**

        I, Matthew C. Wilson, Esquire, do hereby certify that a true and correct copy of

defendant's, DaimlerChrysler Corporation, Motion to Join Pursuant to Federal Rule of Civil

Procedure 14(a) and Memorandum of Law in Support of Defendant's Motion to Join was served

upon all parties by first class mail on July **1**, 2005 at the following addressees:

Regis M. McClelland
Harringtron, Schweers, Dattilo & McClelland
100 Ross Street
Pittsburgh, PA 15219

Richard A. Vendetti
Vendetti & Vendetti
3820 Liberty Street
Erie, PA 16509

Walter C. Greenough
Schiff Hardin
6600 Sears Tower
Chicago, IL  60606

Arthur H. Stroyd, Jr.
Reed Smith
435 Sixth Avenue
Pittsburgh, PA  15219-1886

Respectfully submitted,

Matthew C. Wilson

Dated:

A REGIONAL DEFENSE LITIGATION LAW FIRM

# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

A PROFESSIONAL CORPORATION    www.marshalldennehey.com

**1845 Walnut Street · Philadelphia, PA 19103-4797**
**(215) 575-2600 · Fax (215) 575-0856**

PENNSYLVANIA
Bethlehem
Doylestown
Erie
Harrisburg
Newtown Square
Norristown
Philadelphia
Pittsburgh
Plymouth Meeting
Scranton
Williamsport

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Akron

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**Direct Dial: (215)575-2584**
**Email: dgarcia@mdwcg.com**



July 1, 2005

Ms. Mary DeSanti, Deputy Clerk
U.S.D.C. Western District of PA
U.S. Courthouse, Room 227
617 State Street
Erie, PA 16501

    Re:    Rhonie Burns v. DaimlerChrysler Corporation, et al.
           Our File: 03046-506

Dear Ms. DeSanti:

    Enclosed please find an original plus one copy and caption page of Defendant, DaimlerChrysler Corporation's Motion to Join and Memorandum of Law in Support of said Motion. Accordingly, please return the time-stamped copy of the caption page in the self-addressed envelope provided within. Please contact me with any questions you may have regarding the above.

                            Very truly yours,

                            DAMARIS L. GARCIA

DLG/dg

Enclosures

cc:    Regis M. McClelland
       Richard A. Vendetti
       Walter C. Greenough
       Arthur H. Stroyd, Jr.