Exhibit A

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DAIMLERCHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC. and DOREL JUVENILE GROUP, INC.<br><br>Defendants. | CIVIL DIVISION<br><br>NO: 11832-2004<br><br>Issue No:<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right<br><br>Counsel of Record for this Party:<br>Regis M. McClelland, Esquire<br>PA ID #38897<br><br>Harrington, Schweers, Dattilo & McClelland<br>Firm ID # 949<br>100 Ross Street<br>Pittsburgh, PA 15219<br>(412) 391-3477 |

**JURY TRIAL DEMANDED.**

## **NOTICE TO DEFEND**

YOU have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE

ERIE COUNTY BAR ASSOCIATION

302 W. 9th STREET

ERIE, PA  16502

TELEPHONE:  (814) 459-4411

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, | ) ) ) ) ) ) | CIVIL DIVISION<br><br>NO: 11832-2004 |
| Plaintiffs, | ) ) | Issue No: |
| vs. | ) ) | |
| DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC. and DOREL JUVENILE GROUP, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT IN CIVIL ACTION**

AND NOW come the Plaintiffs, RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, and brings this Complaint In Civil Action against the Defendants named herein whereof the following is a statement:

1. Plaintiff, RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., (hereinafter referred to as "Plaintiff Parents") are the Parents and Natural Guardians of the minor, NICHOLAS D. BURNS (hereinafter referred to as "Minor Plaintiff"). At all times material to this Complaint, the Minor Plaintiff maintained a principal place of residence with the Plaintiff Mother at 3117 Hemlock Drive, Erie, Erie County, Pennsylvania 16506.

2. Defendant, DAIMLER CHRYSLER CORPORATION, a CHRYSLER CORPORATION (hereinafter referred to as "Chrysler") is a corporation which manufactures,

1

produces and supplies automobiles in exchange for monetary compensation. At all times material to the Complaint, the Defendant Chrysler maintained a corporate office address at 30600 Telegraph Road, Bingham Farms, Michigan 48025.

3.  Defendant, COSCO, INC. (hereinafter referred to as "Cosco") is a corporation which manufactures, produces, and supplies consumer products, including children's car seats, in exchange for monetary compensation. At all times material to the Complaint, the Defendant Cosco maintained a corporate office address at 2525 State Street, Columbus, Indiana, 47201.

4.  Defendant, DOREL JUVENILE GROUP (hereinafter referred to as "Dorel") is a corporation which manufactures, produces, and supplies consumer products, including children's car seats, in exchange for monetary compensation. At all times material to the Complaint, the Defendant Dorel maintained a corporate office address at 2525 State Street, Columbus, Indiana, 47201.

5.  Defendant Dorel assumed the business and merged with Defendant Cosco, Inc., on or about July 18, 2001.

6.  The Defendant Chrysler manufactured, produced and placed into the stream of commerce a 1997 Chrysler Concord Sedan which included a seat belt system. The plaintiffs obtained and operated the Defendant Chrysler's product substantially in the same condition as when it was manufactured and sold by the Defendant Chrysler particularly as it relates to the seat belt system.

7.  The Defendants Cosco and Dorel manufactured, produced and placed into the stream of commerce a Cosco child's car seat. The plaintiffs obtained and utilized the Defendants Cosco and Dorel's child car seat in substantially the same condition as when it was manufactured and sold by the Defendants.

8. On or about May 24, 2002, the Minor Plaintiff was a passenger in the rear seat of a 1997 Chrysler Concord Sedan being operated by the Plaintiff Mother. The Minor Plaintiff had been placed in the Cosco/Dorel child car seat and the seat belt system provided by the Defendant Chrysler was properly buckled so as to secure the said Cosco/Dorel car seat.

9. Thereafter, on or about May 24, 2002, the Plaintiff Mother was operating her 1997 Chrysler Concord Sedan, in Erie, Pennsylvania. While the Plaintiff Mother's vehicle was stopped at a traffic light, her vehicle was struck from behind by another vehicle traveling in the same direction. The impact catapulted the Minor Plaintiff's car seat to the front of the car causing a severe neck injury resulting in quadriplegia. The seat belt system provided by the Defendant Chrysler and the children's car seat supplied by the Defendant Cosco/Dorel failed to secure the Minor Plaintiff at the time of the collision.

10. The Minor Plaintiff's injuries were the direct and proximate result of the Defendants' negligence, strict liability and breach of warranty, jointly, severally, and individually as set forth in the following paragraphs.

**COUNT I**
**RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.   DAIMLER CHRYSLER CORPORATION, a CHRYSLER CORPORATION**
**as to Strict Liability**

11. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

3

12. This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a). The Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant Daimler Chrysler. The Defendant's product was designed, manufactured and provided to the plaintiffs in a defective and unreasonably dangerous condition as described in the following lettered paragraphs:

    a. In providing a seat belt system which would permit the child's car seat to become unsecured;

    b. In failing to provide a safety device to prevent the seat belt from becoming unsecured;

    c. In designing a seat belt system which fails to secure a child's car seat after it was properly buckled;

    d. In providing a seat belt system which was unsafe for its intend use ;

    e. In failing to provide a seat belt system which had every element necessary to make it safe for its intended use and lacked none which would make it unsafe;

    f. In designing a defective seat belt which would allow a car seat to unbuckle;

    g. In designing a seat belt system which was defective and unreasonably dangerous;

    h. In defectively designing and manufacturing a seat belt system which failed to properly secure a child's car seat;

    i. In failing to design an adequate alternative seat belt design which would have alleviated the dangerous condition; and

    j. In failing to provide adequate warnings of the dangerous and defective condition of the seat belt system.

**COUNT II**
**RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural**
**Guardians of NICHOLAS D. BURNS, and RHONIE L.**
**BURNS, in her own right   vs.   DAIMLERCHRYSLER**
**CORPORATION, a CHRYSLER CORPORATION**
as to Negligence

13. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

14. Plaintiffs allege that the Defendant Chrysler was negligent generally and as more specifically set forth in the following lettered paragraphs:

a. In negligently providing a seat belt system which would allow a car seat to unbuckle so as to allow the car seat to be unsecured;

b. In negligently designing a seat belt system which fails to secure a minor child's car seat after it was properly buckled;

c. In negligently providing a seat belt system which was unsafe for its intend use for car seats and small children;

d. In negligently providing a seat belt system which does not has every element necessary to make it safe for its intended use and lacked none which would make it unsafe;

e. In negligently designing a seat belt system which was defective and unreasonably dangerous;

f. In negligently designing and manufacturing a seat belt system which failed to properly secure a child's car seat;

g. In negligently failing to provide an adequate alternative seat belt design which would have alleviated the dangerous condition; and

h. In negligently failing to provide adequate warnings of the dangerous and defective condition of the seat belt system.

5

### COUNT III
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.   COSCO, INC.
### as to Strict Liability

15. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

16. This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a). The Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant Cosco, Inc.. The Defendant's product was designed, manufactured and provided to the plaintiffs in a defective and unreasonably dangerous condition as described in the following lettered paragraphs:

   a. In defectively designing a car seat without a proper seat belt system so as to secure the safety of its occupant;

   b. In providing a car seat with a defectively designed restraint system; and

   c. In failing to provide a children's car seat which has every element necessary to make it safe for its intended use and lacked none which would make it unsafe.

### COUNT IV
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right   vs.   COSCO, INC.
### as to Negligence

17. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

18. The Minor Plaintiff's injuries were the direct and proximate result of the negligence of the Defendant Cosco, acting through its agents, servants and/or employees and/or those

individuals they held out to be agents, servants and/or employees either through their actions or inactions, generally and as more specifically set forth in the following lettered paragraphs:

    a.  In failing to design the child restraint to withstand reasonable stress and strain in a collision so as to prevent it from being ejected;

    b.  In failing to construct the child restraint of a material sufficient to withstand reasonable stress and strain in a collision so as to prevent it from being ejected; and

    c.  In failing to inspect and test the child restraint to determine is susceptibility to failure during a reasonable stress and strain in a collision so as to prevent it from being ejected.

    d.  In otherwise failing to exercise reasonable care under the circumstances.

## COUNT V
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right  vs.  DOREL JUVENILE GROUP, INC.
#### as to Strict Liability

18. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

19. This Count is brought pursuant to Restatement of Torts, 2d, Section 402(a). The Minor Plaintiff's injuries were the direct and proximate result of the strict liability of the Defendant Dorel, Inc.. The Defendant's product was designed, manufactured and provided to the plaintiffs in a defective and unreasonably dangerous condition as described in the following lettered paragraphs:

7

a. In defectively designing a car seat without a proper seat belt system so as to secure the safety of its occupant;

b. In providing a car seat with a defectively designed restraint system; and

c. In failing to provide a children's car seat which has every element necessary to make it safe for its intended use and lacked none which would make it unsafe.

## COUNT VI
### RHONIE L. BURNS and VINCENT D. SILVAGGI, JR. Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right  vs.  DOREL JUVENILE GROUP, INC.
### as to Negligence

20. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

21. The Minor Plaintiff's injuries were the direct and proximate result of the negligence of the Defendant Dorel, acting through its agents, servants and/or employees and/or those individuals they held out to be agents, servants and/or employees either through their actions or inactions, generally and as more specifically set forth in the following lettered paragraphs:

a. In failing to design the child restraint to withstand reasonable stress and strain in a collision so as to prevent it from being ejected;

b. In failing to construct the child restraint of a material sufficient to withstand reasonable stress and strain in a collision so as to prevent it from being ejected; and

c. In failing to inspect and test the child restraint to determine is susceptibility to failure during a reasonable stress and strain in a collision so as to prevent it from being ejected;

d. In otherwise failing to exercise reasonable care under the circumstances.

8

22.   Directly and proximately as a result of the strict liability and negligence of the Defendants, jointly, severally and individually, the Minor Plaintiff suffered the following permanent severe and serious injuries:

  a.   Quadriplegia and paralysis;

  b.   Disfigurement

  c.   Other severe and serious injuries

23.   Directly and proximately as a result of the negligence of the Defendants, jointly, severally and individually, the Minor Plaintiff suffered the following damages:

  a.   Pain, suffering, mental anguish, inconvenience, embarrassment, humiliation;

  b.   Loss of life's pleasures;

  c.   Minor Plaintiff has incurred medical bills in the past and will continue to incur medical bills in the future in an effort to restore him to health;

  d.   Impairment of earning capacity and loss of future wages; and

  e.   Permanent disability.

## COUNT XI
### RHONIE L. BURNS, in her own right

24.   Plaintiff, RHONIE L. BURNS, repeats and alleges each and every allegation contained in the Paragraphs above with the same force and effect as though more fully set forth herein.

25.   Plaintiff, RHONIE L. BURNS, is the natural parent of Minor Plaintiff, NICHOLAS BURNS.

9

26.   As a direct and proximate result of the negligence and malpractice of the Defendants, Plaintiff have been required to expend large sums of money for doctors, nurses, hospitals, therapy and medicines that have been and will be required to expend similar sums in the future.

WHEREFORE, the Plaintiffs on behalf of their minor son, claim of the Defendants an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

**JURY TRIAL DEMANDED.**

>                    Respectfully submitted,
>                    HARRINGTON, SCHWEERS, DATTILO
>                         & McCLELLAND
>
> By: _____
>                    REGIS M. McCLELLAND, ESQUIRE
>                    Attorney for the Plaintiffs

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, | ) CIVIL DIVISION ) ) No.: 11832-2004 ) |
| Plaintiff, | |
| vs. | |
| DAIMLER CHRYSLER CORPORATION, COSCO, INC. And DOREL JUVENILE GROUP, INC. | |
| Defendants. | |

### VERIFICATION

I, REGIS M. McCLELLAND, Attorney for the Plaintiff in the within captioned matter, do hereby verify that the statements made in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief. I understand that false statements which are made herein are made subject to penalties of 18 Pa.C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

_____
REGIS M. McCLELLAND
Attorney for the Plaintiff

Date: 12/9/04

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **COMPLAINT IN CIVIL ACTION** has been served upon all parties either individually or through counsel by:

    _____    Hand Delivery

    \_\_X\_\_    First Class Mail, Postage Prepaid

    \_\_X\_\_    Certified Mail

at the following addresses:

Keith D. Heinold, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797

Cosco, Inc.
2525 State Street
Columbus, IN 47201

Dorel Juvenile Group
2525 State Street
Columbus, IN 47201

HARRINGTON, SCHWEERS, DATTILO
& McCLELLAND

Dated: 12/9/04    By: _____
Regis M. McClelland, Esquire
Attorney for the Plaintiffs