IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right,<br><br>Plaintiffs,<br>vs.<br><br>DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC., and DOREL JUVENILE GROUP, INC.<br><br>Defendants | CIVIL DIVISION<br><br>Case No.: 05-CV-2  ERIE<br><br>Honorable Sean J. McLaughlin |

**MOTION FOR EXTENSION OF DISCOVERY**

AND NOW come the Plaintiffs by and through their attorneys Harrington, Schweers, Dattilo & McClelland and Regis M. McClelland, Esquire, and requests this Honorable Court to extend the discovery deadline in the within-captioned matter for the following reasons:

1. The instant action arises out of a multiple automobile vehicle accident which occurred on May 24, 2002, wherein the Minor Plaintiff Nicholas Burns suffered a cervical injury resulting in permanent quadriplegia. The Minor Plaintiff is permanently disabled and requires 24 hour-a-day care with ventilator assistance. Nicholas, who was only two years of age at the time, was a passenger in the rear of the vehicle restrained in a child's car seat. Upon impact Nicholas and his car seat were catapulted to the front of the car.

2. It is the Plaintiffs' position that Nicholas Burns suffered quadriplegia as a result of a failed seat belt installed in the 1997 Chrysler Concorde. The seat belt in question is known as a Generation 3 seat belt. It is alleged that this particular Generation 3 seat belt is well known to release upon impact in automobile collisions.

3. The complaint was filed in the Erie County Court of Common Pleas, Commonwealth of Pennsylvania on December 10, 2004. Defendant Chrysler Corporation filed a Motion to remove the Action to Federal Court on January 3, 2005.

4. On April 14, 2005, a Case Management Order was entered by this Honorable Court instructing that fact discovery should be completed by August 12, 2005.

5. Following the Case Management Order a number of documents were subpoenaed in order to determine the appropriate witnesses for deposition discovery.

6. One of those subpoenas requested the Erie County District Attorney's office complete file concerning their criminal investigation. The District Attorney's office refused to send a copy of the file to either the Plaintiff or the Defendant.

7. It was necessary to arrange a time for each counsel to appear personally in the District Attorney's office to review the same. Defense counsel reviewed the file on a separate date than Plaintiffs' counsel. Plaintiffs' counsel requested a number of materials to be copied from the District Attorney's office, however, after returning to Pittsburgh and waiting for the same, most of the materials requested were not provided. It was therefore necessary to return to the District Attorney's office to obtain the names and addresses of a number of important witnesses to this accident.

8. Upon the second review of the District Attorney's file, a number of individuals were identified: (1) Kirk Peterson; (2) Joseph Osieki; (3) Leah A. Johnson; (4) James Dorich; (5) Corporal Gambill; (6) Sargent Van Duskirk; (7) Detective Metger; (8) Patrolman Lechner; (9) Mary Bateman; (10) Constance Whiteman; (11) Patrick Fitzgerald; (12) Aaron Williams; (13) Robert Schliker; (14)

Roger Golsbieski; (15) Randy J. Dawson; (16) Kevin Kitter; (17) Lori Kindle; (18) Burl Ratcliff; (19) Dan Palmer; (20) Lindsey Kinney; and (21) Officer Michael Fox.

9. Depositions of a number of witnesses have been conducted: Officer J. Rager, Officer Lechner, Burl Ratcliff, Corporal Gambill, Jeremy Thompson and Kip Hayford. As a result of those depositions, the identity of additional witnesses were revealed including but not limited to the photographer at the scene who may have also videotaped the scene of the accident which would be critical to the investigation of this matter. In addition, the identity of the state police accident reconstructionist was revealed at that time.

10. The instant matter also involves a number of experts including but not limited to accident reconstruction experts, seat belt safety engineers, and biomechanical engineers. Much of the information required by these experts was recently obtained during the July round of depositions. Many of those documents had been previously subpoenaed but were not provided. Additional information necessary for expert evaluation must still be obtained.

11. Interrogatories and Requests for Production have been filed by both parties. To date, Plaintiffs have responded to defense requests, however, Plaintiffs' Interrogatories and Request for Production are still outstanding.

12. Defense counsel requested the inspection of the automobile and child's car seat for July 18, 2005. Plaintiffs' counsel made arrangements for said inspection and provided the child car seat in question as well as the automobile.

13. Plaintiffs have noticed the depositions of a number of Chrysler representatives and employees. To that end, in an effort to avoid duplication and to streamline the number of depositions, the Defendant Chrysler has offered to provide numerous deposition transcripts of

Daimler Chrysler engineers concerning their knowledge of the Generation 3 seat belt. These individuals have testified in other cases involving products liability claims and the Generation 3 seat belt. After having had the opportunity to review those deposition transcripts, Plaintiffs' counsel will be in a position to determine exactly which engineers and representatives from Chrysler should be deposed. Plaintiffs' counsel is presently waiting receipt of those deposition transcripts.

14. Plaintiffs' counsel has also requested numerous films and reports involving the Generation 3 seat belt testing which are critical to the prosecution of this case. Defense counsel is currently making efforts to obtain those items.

15. A tremendous amount of documentation has been obtained in hopes of determining exactly which witnesses may have relevant information concerning the instant claim. A number of those witnesses must still be deposed and their testimony would be critical to both the Plaintiff and the defense.

16. An additional defendant, James Dorich, has very recently been added to the instant claim. Plaintiffs' and defense counsel are waiting for an appearance to be entered on his behalf.

17. Plaintiffs' counsel and defense counsel have worked in concert and diligently in an effort to streamline discovery, however, it is apparent to both counsel that it will be impossible to complete the same by August 12, 2005.

18. Due to the serious nature of the minor Plaintiff's injuries, the complexity of the issues at hand, the large number of witnesses, some of which have yet to be determined, and the summer and fall trial schedules of both Plaintiffs' and Defense counsel, both counsel request additional time in which to conduct discovery.

WHEREFORE, for the aforementioned reasons both Plaintiffs' counsel and defense counsel request an extension of the discovery deadlines in accordance with the attached Amended Case Management Order.

Respectfully submitted,

_____
Regis M. McClelland, Esquire
Attorney for Plaintiffs
HARRINGTON, SCHWEERS, DATTILO
    & McCLELLAND, P.C.
100 Ross Street
Pittsburgh, PA 15219
(412)391-3477

_____
Richard Vendetti, Esquire
Attorney for the Plaintiffs
VENDETTI & VENDETTI
3820 Liberty Street
Erie, PA 16509
(814)868-8541

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION FOR EXTENSION OF DISCOVERY has been served upon all parties either individually or through counsel by:

|  |  |
|---|---|
| _____ | Hand Delivery |
| __X__ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail |

at the following addresses:

Keith D. Heinold, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797

HARRINGTON, SCHWEERS, DATTILO
& McCLELLAND

Dated: 8/2/05         By: _____
                          Regis M. McClelland, Esquire
                          Attorney for the Plaintiffs