IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, | CIVIL DIVISION<br><br>Case No.: 05-CV-2  ERIE |
| Plaintiffs, | |
| vs. | |
| DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC., and DUREL JUVENILE GROUP, INC. | |
| Defendants | |

**AMENDED CASE MANAGEMENT ORDER**

AND NOW, this _____ day of _____, 2005, it is hereby ORDERED that the Case Management Order originally entered by the Court at the initial case management conference is AMENDED as follows:

1. <u>Federal Rule 26 and Local Rule LR 16</u>. The above-captioned civil action is hereby placed under Federal Rule 26 and Local Rule LR 16 of this court. All provisions of these rules will be strictly enforced.

2. <u>Settlement Negotiations</u>. Counsel for the parties shall confer with their clients before all case managements, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the court. Counsel are encouraged to appear with their individual clients or with principals of corporate or other clients as all such conferences or to instruct such clients or principals to be available by telephone at the time of such conferences to facilitate settlement negotiations.

3. <u>Pretrial Procedures</u>. Compliance with the provisions of Local Rule LF 16.1.2 shall be completed as follows:

  (a) Fact discovery shall be completed by **December 10, 2005**. For purposes of this paragraph 3(a), the term "discovery" shall include all methods of discovery referred to in Fed.R.Civ.P.26(a). Motions for extension of discovery **must be filed** prior to the scheduled close of discovery **containing a proposed order reflective of all the dates that are to be extended, not just the discovery deadlines. In addition, if the motion is not jointly filed, then a Local Rule 16.1.2.E Scheduling Motion Certificate must be attached.**

  (b) Plaintiff's expert report is due by **January 10, 2006.**

  (c) Defendant's expert report is due by **February 10, 2006.**

  (d) All expert depositions shall be completed by **March 10, 2006.**

  (e) Plaintiff's pretrial narrative statement shall be filed on or before **April 10, 2006**. Defendants' pretrial narrative statement shall be filed on or before **May 10, 2006**. Plaintiff's pretrial narrative statement shall comply with Local Rule LF 16.1.4.A.1-8.

  (f) On or before **April 10, 2006**, any party may file a dispositive motion which shall be accompanied by a supporting brief, and such affidavits and other supporting documentation as may be appropriate. Any responding party may file an opposing brief, together with such affidavits and opposing documents as may be appropriate on or before **May 10, 2006**. Briefs are not to exceed 25 pages in length

except by leave of the Court. Any party failing to respond to a motion shall be deemed not to oppose the motion, a single short reply brief by the movant will be considered by the Court if filed within 7 days of the brief in opposition to the motion. No additional briefs will be submitted.

4. <u>Pretrial Stipulation</u>. After the pretrial conference, counsel for the parties may be ordered by the court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved in the action.

5. <u>Track I Desgination</u>. The above-captioned action is designated a Track I action pursuant to Local Rule LF 16.1.3.

6. <u>Arbitration</u>. The parties are advised of the availability of arbitration in certain cases pursuant to this court's Local Rule LR 16.2.

7. <u>Contents of a Pretrial Statement</u>. As provided in Local Rule LF 16.1.4 of this court, the parties' pretrial statement shall set forth the information hereinafter described:

 (a) <u>Factual and Legal Contention</u>. A brief but full exposition shall be made of the legal theories that will be pursued at trial and a statement shall be made, in narrative form, of the material facts that will be offered at trial.

 (b) <u>Damages</u>. An itemized list shall be set forth of all damages claimed, including the method of calculation and how damages will be proved.

 (c) <u>Witnesses</u>. Each party shall list those witnesses to be called at trial other than those contemplated to be used for impeachment or rebuttal purposes.

  (1) Witnesses shall be identified by their full names and addresses.

  (2) Witnesses shall be separately listed and designated as to liability and damages.

  (3) All witnesses who will testify as experts shall be designated as such. The report of each witness designated as an expert shall be attached to the pretrial statement. The testimony of an expert witness will be confined to those matters set forth in his or her report.

  (4) A copy of each report containing the findings and conclusions of any physician who has treated or examined or who has been consulted in connection with any injury complained of or whom a party expects to call as a witness at trial must be attached to the party's pretrial statement. The testimony of each such witness will be confined to the scope of his or her report.

(d) <u>Exhibits</u>. Each party shall specifically identify and list each exhibit that will be offered at trial.

  (1) Each exhibit must be identified by number on the party's pretrial statement.

  (2) The pretrial statement shall indicate the parties' agreement or disagreement as to the authenticity and admissibility of each exhibit.

  (3) Each party shall designate every issue that he or she considered unusual in the case.

  (e) <u>Amendment of Pretrial Statement</u>. The parties shall not amend or supplement their pretrial statements.

  (f) <u>Sanctions</u>. At trial, each party shall be limited to those factual and legal issues contained in his or her pretrial statement. All evidence, except evidence offered for impeachment, that does not relate to a factual or legal issue set forth in the pretrial statement or disclosed at the pretrial conference shall be excluded unless the parties otherwise agree or the court orders otherwise.

8. <u>Pre-Trial Conference</u>. A Pre-Trial Conference shall be scheduled by the Court upon receipt of all Pre-Trial Statements. **COUNSEL TRYING THE CASE SHALL BE PRESENT AT THE PRETRIAL CONFERENCE.**

9. <u>Additional Pretrial Requirements</u>. In addition to the foregoing requirements relating to pretrial statements, the parties shall also comply with the following pretrial requirements:

  (a) <u>Discovery Depositions</u>. A party intending to use a discovery deposition in its case-in-chief shall:

   (1) Identify the deposition by the name of the deponent and date of his or her deposition;

   (2) Designate to the court and to the opposing party the pages and lines that will be offered at trial; and

   (3) Opposing counsel shall counter-designate those lines and pages of the same deposition that will be offered at trial.

  (b) <u>Settlement Negotiations</u>. The parties shall extensively pursue settlement negotiations and advise the court of their status. At the Pre-Trial Conference,

the parties shall be prepared to discuss settlement and have the appropriate authority to settle the case.

(c) <u>Trial Time</u>. The parties shall be prepared to state at the Pre-Trial Conference an estimate of the number of days required for trial. Counsel will be advised at the time of their position on the Trial List and tentative trial date.

(d) <u>Post-Trial Motions</u>. Post-Trial Motions may be filed with a Brief in Support not to exceed 25 pages in length. In addition, a request of the pertinent portions of the trial transcript from the Court Reporter must accompany the Brief.

_____
Sean J. McLaughlin
United States District Judge