IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONIE L. BURNS, | **_Electronically Filed_** |
| Plaintiff, | CIVIL ACTION |
| vs. | |
| DAIMLER CHRYSLER CORPORATION, | CASE NO. 05-CV-2E |
| Defendant, | |
| vs. | Honorable Sean J. McLaughlin |
| JAMES DORICH, | **JURY TRIAL DEMANDED** |
| Third-Party Defendant. | |

**JAMES DORICH'S ANSWER TO THIRD-PARTY COMPLAINT**

**ANSWER**

1. The allegations in Paragraph 1 of the Third-Party Complaint are admitted.

2. The allegations in Paragraph 2 of the Third-Party Complaint are admitted.

3. The allegations in Paragraph 3 of the Third-Party Complaint are admitted.

4. The allegations in Paragraph 4 of the Third-Party Complaint are admitted.

5. The allegations in Paragraph 5 of the Third-Party Complaint are admitted.

6. The allegations in Paragraph 6 of the Third-Party Complaint are admitted.

7. The allegations in Paragraph 7 of the Third-Party Complaint are admitted.

8. The allegations in Paragraph 8 of the Third-Party Complaint are admitted.

9. The allegations in Paragraph 9 of the Third-Party Complaint are admitted.

P0760812.1

10. The allegations in Paragraph 10 of the Third-Party Complaint are denied because after reasonable investigation the third-party defendant is not able to determine their truthfulness.

11. The allegations in Paragraph 11 of the Third-Party Complaint are admitted in part and denied in part. The third-party defendant admits that he was negligent, and that his negligence was a cause of the plaintiff's injuries. The other allegations in Paragraph 11 are denied because after reasonable investigation the third-party defendant is not able to determine their truthfulness.

12. The allegations in Paragraph 12 of the Third-Party Complaint are admitted in part and denied in part. The third-party defendant admits that he negligently drove his automobile at the time of the accident. To the extent the allegations in Paragraph 12 are different from or are more specific than this admission, they are denied.

13. The allegations in Paragraph 13 of the Third-Party Complaint are admitted.

14. The allegations in Paragraph 14 of the Third-Party Complaint are admitted in part and denied in part. The third-party defendant admits that he was negligent, and that his negligence was a cause of the plaintiff's injuries. To the extent the allegations in Paragraph 14 are different from or more specific than this admission, they are denied.

15. The allegations in Paragraph 15 of the Third-Party Complaint are admitted.

16. The allegations in Paragraph 16 of the Third-Party Complaint are denied.

17. The allegations in Paragraph 17 of the Third-Party Complaint are admitted.

18. The allegations in Paragraph 18 of the Third-Party Complaint are admitted.

## **AFFIRMATIVE DEFENSES**

19. The plaintiff and the third-party defendant settled the plaintiff's claim against the third-party defendant. A copy of the Joint Tortfeasor Release signed by the plaintiff and extinguishing all of the third-party defendant's liability for the plaintiff's claimed injuries and damages is attached to the Third-Party Complaint as Exhibit B.

20. The Release requires the plaintiff to satisfy any judgment obtained against the defendant and third-party defendant either by the amount paid for the Release or the pro rata share of the third-party defendant's responsibility, whichever is greater.

21. This provision of the Release effectively repeals the law of joint and several liability and limits the plaintiff's recovery from the defendant to the defendant's pro rata share of the judgment.

22. The Release also requires the plaintiff to satisfy that part of any judgment for which the third-party defendant is ultimately liable.

23. The ultimate effect of the Release is to prohibit the plaintiff from recovering or collecting any monies from the defendant which, ultimately, are the responsibility of the third-party defendant.

24.    In preventing such a recovery, the Release essentially prevents or bars any claims for contribution or indemnity by the defendant against the third-party defendant.

WHEREFORE, the third-party defendant, James Dorich, denies that he is liable for contribution or indemnity and asks that this Court enter judgment in his favor on all claims asserted against him by the defendant.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


  s/ Scott Millhouse
SCOTT MILLHOUSE, ESQUIRE
Counsel for Third-Party Defendant
PA I.D. No. 33228
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219
Telephone:  (412) 553-7063
Fax: 412/471-2754
E-Mail:  smillhouse@mdbbe.com

Attorney for third-party defendant
James Dorich

## PROOF OF SERVICE

I hereby certify that I am serving the foregoing document upon the person and in the manner listed below:

<u>Service by First Class Mail, addressed as follows:</u>

*Regis M. McClalland, Esquire*
*Harrington, Schweers, Dattilo & McClelland*
*100 Ross Street*
*Pittsburgh, PA 15219*
*(Counsel for plaintiff)*

Keith D. Heinold, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103
*(Counsel for defendant)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: __December 20, 2005__   ____s/ Scott Millhouse____
SCOTT MILLHOUSE, ESQUIRE
Counsel for Third-Party Defendant

P0760812.1