IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, | CIVIL DIVISION<br><br>Case No.: 05-CV-2  ERIE<br><br>Honorable Sean J. McLaughlin |
| Plaintiffs, | |
| vs. | |
| DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC., and DOREL JUVENILE GROUP, INC. | **JURY TRIAL DEMANDED** |
| Defendants, | |
| vs. | |
| JAMES DORICH, | |
| Third-Party Defendant. | |

## PETITION TO DISCONTINUE
## THE ACTION OF A MINOR

AND NOW come the Plaintiffs by and through their attorneys HARRINGTON, SCHWEERS, DATTILO & McCLELLAND and REGIS M. McCLELLAND, ESQUIRE, and petition this Honorable Court to Discontinue the above-captioned matter for the following reasons:

1. On or about May 24, 2002, the Minor Plaintiff, Nicholas Burns, was a passenger in an automobile being operated by his mother, Rhonie Burns. While the Minor Plaintiff's vehicle was stopped at a traffic light on West 26th Street near the intersection of Emerson in the City of Erie, Erie County, Pennsylvania it was struck from behind at a high rate of speed by Mr. James Dorich. Through the course of discovery it was determined that conservative estimates of the speed of the Dorich vehicle were between 80 and 100 miles per hour.

2. The Minor Plaintiff, was located in a child car seat behind the driver. Upon impact Nicholas was catapulted to the front of the car while remaining partially in the child car seat. The Minor Plaintiff, who was then two years of age, was cut from the child seat by emergency personnel.

3. Tragically, as a result of the impact the Minor Plaintiff suffered a hyper extension flexion injury to his cervical spine resulting in permanent quadriplegia.

4. The driver responsible for the collision, Mr. James Dorich, had a limited insurance policy of Twenty Five Thousand Dollars ($25,000.00) which was grossly inadequate to compensate the Minor Plaintiff for his injuries.

5. After the automobile insurance aspect of the case was settled with the Defendant driver, the law firm of Vendetti & Vendetti consulted Regis M. McClelland, Esquire to investigate the possible claim of a products liability case arising out of the failure of the Chrysler seat belt to keep the Minor Plaintiff restrained at the time of impact.

6. Attorney McClelland undertook investigation of said case: interviewed the Minor Plaintiff, the minor's mother and father, obtained voluminous medical records, hired an investigator, retained custody of the Chrysler vehicle in question, had said vehicle transported and stored at a forensic storage garage, video taped and photographed said vehicle, personally inspected the same; and located an exemplar Chrysler for purposes of examining the relevant seatbelt.

7. An accident reconstruction expert and engineer was consulted who inspected the Chrysler vehicle and determined that there were no scratch marks on the belt buckle in question indicating either the belt was not buckled or the buckle immediately let go upon impact. The belt buckle in question was a Chrysler "Generation 3 Belt Buckle" which was known to have a problem with releasing upon impact.

8. Plaintiff's counsel then consulted Automotive Consulting Services, Inc. This company specialized in automotive technologies and had been consulted before in reference to the Chrysler "Generation 3 Seat Belt Buckle". The engineer confirmed that the seat belt in question was, in fact, a "Generation 3 Seat Belt" and that this product had been previously adjudicated defective

in other litigation. The defect as explained to counsel concerned the red release mechanism protruded above the protective case, thereby allowing objects to easily strike the release mechanism upon impact with another object, thus permitting the seat belt to unlock. Counsel was informed (and later obtained through the course of discovery) that Chrysler had video demonstrating how the "Generation 3 Seat Belt" released upon impact. The video was generated by Chrysler's own testing of the product.

9. Counsel then proceeded to interview the emergency personnel who found the Minor Plaintiff at the scene of the accident. Counsel also made arrangements and reviewed, on two separate occasions, the criminal file which had been compiled in connection with the accident at the District Attorney's Office. Additional research was conducted in reference to the Chrysler "Generation 3 Seat Belt" and several articles were found discussing the defective nature of this product. Chrysler has since equipped their vehicles with a "Generation 4 Seat Belt" ostensibly correcting the alleged defective design of the "General 3 Seat Belt".

10. Based upon this information, Plaintiffs filed a Complaint on behalf of the Minor Plaintiff, Nicholas Burns, alleging the defective nature of the Chrysler "Generation 3 Seat Belt."

11. Subsequent to the filing of the lawsuit, numerous discovery depositions of the witnesses and emergency personnel were conducted. In addition, Interrogatories and Request for Production of Documents were filed by both parties. Written responses to the interrogatories and voluminous documents were produced by both the Plaintiffs and the Defendant.

12. Additional experts were then consulted by the Plaintiffs. An engineer from ARCCA, Inc., Larry Sicher, was consulted in reference to the "Generation 3 Seat Belt". Larry Sicher had experience with the defective nature of this seatbelt, and again confirmed that the seatbelt in question was a "Generation 3 Seat Belt", however, because of the explosive impact of the collision the main

issue evolved as to whether or not retention of the minor child's car seat would have made a difference in preventing his injury.

13. The radiographic films of the Minor Plaintiff's neck injury were obtained, along with the medical records and were sent to Robson Forensic, Inc., bio mechanical and forensic engineers, in order to determine the mechanism of injury to the Minor Plaintiff. Upon consultation with experts in neck injuries, counsel was informed that the Minor Plaintiff's neck injury was the result of the extremely high impact of the collision (see attached photos) and was not the result of the child's car seat becoming unrestrained. It was the opinion of the experts that even had the child's car seat been restrained, because of the high impact of the collision, the neck injury would have occurred with additional crush injuries to the legs. Thus, the question of the defective nature of the seatbelt was rendered a moot issue.

14. The parents of the Minor Plaintiff, Rhonie Burns and Vincent Selvaggio, were notified of the expert findings and agreed that pursuing the lawsuit further would not result in a favorable outcome for their child.

15. The Plaintiffs were also informed that counsel would not ask reimbursement for the substantial expenses incurred in the investigation of the instant lawsuit.

WHEREFORE, the Plaintiffs would request this Honorable Court dismiss the instant case with prejudice to the adult Rhonie Burns, however, without prejudice to the Minor Plaintiff, Nicholas Burns.

Respectfully submitted,

HARRINGTON, SCHWEERS, DATTILO
& McCLELLAND

Regis M. McClelland, Esquire
Attorney's Pa. I.D. #38897
100 Ross Street
Pittsburgh, PA 15219
(412) 391-3477




ACC-52



ACC-54

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC., and DUREL JUVENILE GROUP, INC.<br><br>Defendants,<br><br>vs.<br><br>JAMES DORICH,<br><br>Third-Party Defendant. | CIVIL DIVISION<br><br>Case No.: 05-CV-2  ERIE |

**VERIFICATION**

We, RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, a minor, do hereby verify that the statements made in the foregoing PETITION TO DISCONTINUE THE ACTION OF A MINOR are true and correct to the best of our knowledge, information and belief. We understand that false statements which are made herein are made subject to penalties of 18 Pa.C.S.A. Sec. 4904 relating to unsworn falsification to authorities.

Date: 5-16-06

_____
RHONIE L. BURNS

Date: 5-16-06

_____
VINCENT D. SILVAGGI, JR.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | |
|---|---|
| RHONIE L. BURNS and VINCENT D. SILVAGGI, JR., Parents and Natural Guardians of NICHOLAS D. BURNS, and RHONIE L. BURNS, in her own right, | CIVIL DIVISION<br><br>Case No.: 05-CV-2  ERIE |

Plaintiffs,

vs.

DAIMLER CHRYSLER CORPORATION, CHRYSLER CORPORATION, COSCO, INC., and DUREL JUVENILE GROUP, INC.

Defendants,

vs.

JAMES DORICH,

Third-Party Defendant.

## ORDER OF COURT

AND NOW, this _____ day of _____, 2006, it is hereby ORDERED, ADJUDGED, and DECREED, that the above-captioned matter on behalf of the minor, Nicholas Burns, be DISCONTINUED WITHOUT PREJUDICE and the matter on behalf of Rhonie L. Burns be DISCONTINUED WITH PREJUDICE.

_____
Sean J. McLaughlin
United States District Judge